JOHN W. MUSHAM

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

CREATION OF OFFICE—*failure of General Assembly to make appropriation therefor.* Where the State creates a Board and directs the members there-of to perform certain duties and provides compensation for services and expenses of its members, and the Legislature neglects to make an appropriation therefor, the members of the Board may perform the duties pre-scribed by law and recover for their services and expenses advanced.

Edward J. Brundage, Attorney General, for State.

Claimant was on July 15, 1915, appointed by the Governor of the State of Illinois to be a member of the Board of Examiners of Structural Engineers, under an act approved July 5th, 1915. He took the oath of office and entered upon the performance of his duties. The Act provided for a per diem of ten dollars ($10.00) for each board member for each day's attendance upon the duties of said board, and also provided for traveling expenses in connection therewith. The Legislature, however, failed to make an appropriation for a per diem of the members of said board and their expenses until the special session of the Legislature in December, 1915, when an appropriation was made for the per diem salary of the board, but no appropriation was made for their traveling expenses. The amount claimed in this case is for 21 meetings attended by claimant at ten dollars ($10.00) per day, from August 20, 1915, to November 23, 1915, and for traveling expenses from August 19, 1915 to April 25th, 1917 amounting to $55.00, making a total of $265.00.

The State, through the Attorney General, has filed its written admission that there is no question as to claimant's right to recover in this case. It is a well settled rule of law that where a State creating a board directs the members of the board to perform certain duties and provides for compensation for the services and expenses of said board members, but the Legislature neglects to make an appropriation for the said salary and expenses, the members of said board may carry out the provisions of the Act, and recover for their services and expenses.

We are of the opinion that claimant is entitled to recover in this case. The Court therefore awards the claimant the sum of $265.00.